UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TYLER ROBERT SCOTT
FDOC Inmate #X78606,
    Plaintiff,

v.                                             Case No. 3:23cv4494/AW/ZCB

CODY JAMES SMALL, et al.,
    Defendants.
                              /

## REPORT AND RECOMMENDATION

Plaintiff Tyler Robert Scott is an inmate of the Florida Department of Corrections. He is proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. (Doc. 7). After reviewing Plaintiff's complaint (Doc. 1), the Court recommends this case be dismissed without prejudice as malicious under 28 U.S.C. § 1915A(b)(1) because of Plaintiff's abuse of the judicial process.

The prisoner civil rights complaint form requires a prisoner to list his prior litigation history. The form must be signed under penalty of perjury. The Eleventh Circuit has made clear that a prisoner's case may be dismissed without prejudice for misrepresenting litigation history on the complaint form. *See, e.g.*, *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) (affirming dismissal of prisoner's complaint where prisoner failed to identify two prior federal lawsuits).[1] Dismissal

---

[1] A raft of Eleventh Circuit cases say the same thing. *See, e.g.*, *Kendrick v. Sec'y*,

1

is appropriate, even if the prisoner claims that a misunderstanding caused his failure to disclose litigation history. *See Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal for failure to disclose litigation history and concluding that prisoner's failure was not excused by his claimed misunderstanding of the form).

Here, Section VIII of the complaint form required Plaintiff to disclose information regarding prior civil cases he had filed in state and federal court. (Doc. 1 at 8-11). Question C of Section VIII asked Plaintiff if he had filed any other lawsuits in federal court relating to the conditions of his confinement. (*Id.* at 11). Plaintiff checked the box for "NO." (*Id.* at 10). At the end of the complaint form, Plaintiff signed his name after the following certification: "I declare under penalty of perjury that the foregoing . . . is true and correct." (*Id*. at 11-12).

---

*Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915"); *Rickerson v. Sec'y, Fla. Dep't of Corr.*, No. 21-12110-F, 2021 WL 6098415, at *1 (11th Cir. Nov. 2, 2021) (concluding dismissal of prisoner's complaint as malicious was warranted where plaintiff disclosed six state actions and two federal actions but failed to disclose additional state actions that related to his incarceration or conditions of confinement); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (affirming dismissal of prisoner's complaint as malicious for abuse of judicial process where prisoner failed to disclose previously filed cases); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same); *Shelton v. Rohrs*, 406 F. App'x 340, 340-41 (11th Cir. 2010) (same); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (same).

2

Plaintiff, therefore, certified that at the time he filed this case on February 15, 2023, he had not filed any other lawsuit in federal court relating to the conditions of his confinement.² The Court has screened Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) to determine whether it is subject to dismissal for any of the grounds listed in that provision, including maliciousness. Upon researching Plaintiff's litigation history, the Court has discovered that Plaintiff failed to accurately disclose his litigation history on the complaint form. According to Public Access to Court Electronic Records (PACER), Plaintiff commenced the following actions prior to filing his complaint in this case:

- *Scott v. Gulf Correctional Institution, et al.*, Case No. 3:22cv22211/LAC/HTC (N.D. Fla.) (complaint signed October 27, 2022; filed on the docket on November 3, 2022).³ This case was transferred to the Panama City Division and became Case No. 5:22cv255/MCR/MJF.

- *Scott v. Aramark*, Case No. 3:22cv22212/LAC/HTC (N.D. Fla.) (complaint signed October 27, 2022; filed on the docket on November

---

² The "filed" date is the date Plaintiff certified that he delivered the complaint to jail officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (a *pro se* prisoner's document is deemed filed on the date the prisoner delivered it to prison authorities for forwarding to the court).

³ In all three of the cases listed, Plaintiff failed to include the date he provided the complaints to prison officials for mailing.

3

3, 2022).

- *Scott v. Dwight, et al.*, Case No. 3:23cv3469/MCR/HTC (N.D. Fla.) (complaint signed November 21, 2022; filed on the docket on February 8, 2023).

How does the Court know that this Tyler Scott and the Tyler Scott that commenced the above cases are one and the same? The plaintiff in the cases above listed FDOC Inmate #X78606 on his initial pleadings. Plaintiff lists the same inmate number on the complaint form in this case. (Doc. 1 at 1).

In *Scott v. Gulf Correctional Institution, et al.*, Plaintiff's initial pleading alleged that an officer at Gulf Correctional Institution used excessive force on him while another officer failed to intervene. (5:22cv255, Doc. 1 at 5-6). He further alleged that he was retaliated against for complaining about the incident. (*Id.*). The case remains pending and is in the screening phase.

In *Scott v. Aramark*, Plaintiff's initial pleading alleged that Aramark—the company that runs the commissary at the prison—had been excessively raising prices. (3:22cv22212, Doc. 1 at 5). He accused Aramark of price gouging, excessive taxation, violating the state constitution, and extortion. (*Id.* at 6-7). The case was dismissed on March 8, 2023 for failure to state a claim upon which relief may be granted. (3:22cv22212, Docs. 8, 10).

In *Scott v. Dwight, et al.*, Plaintiff's initial pleading alleged that officials at

4

Okaloosa Correctional Institution took away his visitation for twelve months, refused to allow him to file further grievances, and imposed "excessive punishments without due process," among other complaints about his prison conditions. (3:23cv3469, Doc. 1 at 5-6). A Report and Recommendation has been issued, recommending Plaintiff's complaint be dismissed as malicious for Plaintiff's failure to truthfully disclose his litigation history and for failure to prosecute or comply with an order of the Court regarding the initial partial filing fee. (*Id.*, Doc. 16).

The lawsuits cited above were clearly federal lawsuits "relating to the conditions of confinement" that Plaintiff filed before commencing the current case. As such, Plaintiff was required to identify them on the complaint form in this case. Yet he identified none of them.[4]

The prior litigation portion of the complaint form serves important purposes. First, it permits efficient consideration of whether the prisoner is entitled to pursue the current action under the Prison Litigation Reform Act's "three strikes" provision. Second, it allows the Court to determine whether an action is related to, or otherwise should be considered in conjunction with, another lawsuit. Third, it enables the Court to determine whether any issues raised in the current action have been previously decided by another judge. These purposes are thwarted, and the

---

[4] The sole case Plaintiff identifies in his complaint is Case No. 6:22cv1902 from the Middle District of Florida. (Doc. 1 at 9).

5

efficiency of the judicial system diminished, when a prisoner misstates his litigation history on the complaint form.[5]

Plaintiff's *pro se* status does not excuse him from following the rules, including the requirement that litigants be truthful with the Court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (stating that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant"). The Court is concerned that if misrepresentations on the complaint form are not met with consequences, then word will spread throughout the prisons that the complaint forms need not be truthfully completed. *See Rodriguez v. Inch*, No. 4:19cv191/RH/HTC (Doc. 52) (N.D. Fla. June 7, 2020) ("If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose.").

---

[5] This is not the first time Plaintiff has run into trouble for failing to disclose his prior litigation history. As mentioned above, a Report and Recommendation was issued in *Scott v. Dwight, et al.*, Case No. 3:23cv3469, recommending dismissal for Plaintiff's failure to truthfully disclose his litigation history. (3:23cv3469, Doc. 16). In another case—commenced after Plaintiff initiated the current action—Plaintiff's complaint was dismissed because Plaintiff failed to truthfully disclose his prior litigation history and because he had three-strikes under 28 U.S.C. § 1915(g) and failed to pay the filing fee at the time of filing suit. (3:23cv8882/TKW/HTC, Docs. 3, 4).

As detailed above, Plaintiff misrepresented—under penalty of perjury—his prior litigation history on the complaint form. He did so, despite having been advised on the complaint form that "***failure to disclose all prior cases may result in the dismissal of this case.***" (Doc. 1 at 11). Consistent with that warning and the Eleventh Circuit precedent previously cited, it is recommended that Plaintiff's complaint be dismissed without prejudice.[6]

Accordingly, it is respectfully **RECOMMENDED**:

1. That this case be **DISMISSED without prejudice** as malicious, pursuant to 28 U.S.C. § 1915A(b)(1).

2. That the Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 31st day of May 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the Court's**

---

[6] Providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit would be an inadequate sanction for his conduct. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940-41 (11th Cir. 2010) (holding that district court did not abuse its discretion by not providing a prisoner with an opportunity to amend his complaint to disclose lawsuits that should have been disclosed initially).

**internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**