IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**TYLER ROBERT SCOTT**
**FDOC Inmate #X78606,**

 Plaintiff,

v.             Case No. 3:23-cv-4494-AW-ZCB

**CODY JAMES SMALL, et al.,**

 Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This case is before the court upon the magistrate judge's May 31, 2023 report and recommendation (ECF No. 12). The court furnished the plaintiff a copy of the report and recommendation and afforded an opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). Plaintiff filed no timely objection.

Having considered the matter, I conclude the report and recommendation should be adopted, and I now incorporate it into this order. I agree that dismissal is appropriate based on Plaintiff's failure to accurately disclose his litigation history.

I note that Plaintiff filed an amended complaint that now identifies some prior cases previously omitted. But this does not change that fact that Plaintiff's initial submission—under oath—was materially inaccurate. I also agree with the magistrate judge that allowing the amendment to cure the nondisclosure would provide no adequate sanction. See ECF No. 12 at 7 n.6. The "amendment" came only after the

1

court expended the effort to identify the deficiency. If plaintiffs could hide their prior litigation until courts happen to find it on their own, the disclosure requirement would be of little benefit.

In determining that dismissal remains an appropriate sanction, I have considered the fact that the incident at issue in the litigation allegedly occurred in January of this year, meaning there is no indication that any statute of limitations will preclude a new lawsuit.

The clerk will enter a judgment that says, "This case is DISMISSED without prejudice as malicious, pursuant to 28 U.S.C. § 1915A(b)(1)." The clerk will then close the file.

SO ORDERED on July 3, 2023.

s/ *Allen Winsor*  
United States District Judge
